John R. **FARRELL** and Pamela H. Lazar, **Plaintiffs,**

v.

**CITY OF MIAMI, Defendant.**

No. 83–1368 CIV–LCN.

United States District Court, S.D. Florida, Civil Division.

June 20, 1984.

Stanley Price, Miami, Fla., for plaintiffs.

Leon Firtel, Miami, Fla., for defendant.

## ORDER

NESBITT, District Judge.

THE COURT has reviewed the Motions for Summary Judgment filed by the Plaintiffs and the Motion for Summary Judgment filed by the Defendant in the above-styled action, and after due consideration, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. This Court has jurisdiction over this cause pursuant to 28 U.S.C. Sections 1331, 2201 and 42 U.S.C. § 1983.

2. Plaintiffs, JOHN R. FARRELL (FARRELL) and PAMELA H. LAZAR (LAZAR), have filed this action for a declaratory judgment and other relief resulting from the threatened enforcement of City of Miami Ordinance No. 6871, as amended, Article V, Sections 1(1), (8) (the Ordinance) by the Defendant, CITY OF MIAMI, against FARRELL's use of his residence as a professional office for the practice of law.

3. FARRELL is the owner and occupant of real property located at 2825 South Miami Avenue, Miami, Florida (the Property).

4. FARRELL is an attorney licensed to practice law in the state of Florida.

5. FARRELL utilizes the property in issue as both his professional office and his legal residence.

6. LAZAR is employed by FARRELL as his legal secretary in his office at the subject property.

7. LAZAR is not related to FARRELL by blood or marriage, nor does she reside with FARRELL at the subject property. LAZAR resides with her husband and family in Broward County.

8. By his conduct, FARRELL has established the property at 2825 South Miami Avenue as his official and legal residence.

9. On or about April 11, 1983, the CITY OF MIAMI sent a letter to FARRELL citing FARRELL as being in violation of the Ordinance, and calling on FARRELL to cease his use of the subject property as a legal office.

10. The CITY OF MIAMI Ordinance, Article V, Section 1(8) allows home occupation use of a residence but provides:

No person shall be employed other than a member of the family residing on the premises.

11. The CITY OF MIAMI Ordinance, Article II, Section 2(27), defines "family" in part to include as follows:

An individual or two or more persons related by blood or marriage, or a group of not more than five persons ... who need not be related by blood or marriage, living together in a DWELLING UNIT.

12. LAZAR is not a member of the family residence at the subject property nor is she a resident of the subject property, and therefore, the Ordinance does not permit FARRELL to employ LAZAR at his office in the subject property.

13. It is uncontested that FARRELL's employment of LAZAR at his legal office at the subject property is in violation of the Ordinance.

## CONCLUSIONS OF LAW

■ Although both sides have moved for Summary Judgment, the matter can be decided as a question of law as the facts are undisputed. The Plaintiffs have challenged the provisions of the CITY OF MIAMI zoning ordinance as unconstitutional which imposes certain restrictions when a residence is used as a place of business. It is well established that zoning ordinances are permissible uses of the police power of the states and their political subdivisions unless they are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare". *City of Euclid v. Ambler Realty*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

■ Unless the zoning ordinance interferes with fundamental rights of individuals or denies due process, the ordinance is to be treated as similar to social and/or economic legislation for purposes of constitutional review. The statute is to be accorded a presumption of constitutionality, even if it appears to be wasteful or unwise in most cases, and it will be held invalid only if it has no rational relation to the overall purpose of the statutory scheme. *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). In the *Euclid* case, *Supra*, the Supreme Court made it clear that the preservation of the strictly residential neighborhood was a permissible objective for the use of the zoning power [1].

■ It is only when an interest or suspect classification is involved that the strict scrutiny standard is invoked. Plaintiffs urge the strict standard should be employed as the ordinance violates the equal protection clause on several counts.

First Plaintiffs contend that the ordinance discriminates against them for not being related biologically or by marital affiliation. Secondly, the Plaintiffs urge as the ordinance places no limitation on the

---

1. For a discussion of the power of local governments to zone and control land use see: *Schad v. Borough of Mt. Ephraim*, 452 U.S. 61, 101 S.Ct. 2176 at 2182, 68 L.Ed.2d 671 (1981).

"Where property interests are adversely affected by zoning, the courts generally have emphasized the breadth of municipal power to control land use and have sustained the regulation if it is rationally related to legitimate state concerns and does not deprive the owner of economically viable use of his property."

number of persons who can live together in the same size residence as Plaintiffs, as long as they are related by blood or marriage the ordinance is arbitrary and unreasonable on it's face.

Plaintiffs also try to invoke the fundamental rights protection by claiming that personal choices of association and residence are interfered with when individuals are not allowed to live apart but work together. In this manner, Plaintiffs seek the strict scrutiny review applied to state legislation affecting intimate choices such as contraception, *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) and childbirth *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

In short, the Plaintiffs try to invoke strict scrutiny review of this ordinance by claiming that its use of the family category and the ordinance definition of a family, as a basis for the zoning classification serve to interfere with the Plaintiffs' exercise of their fundamental rights.

This particular case, however, should be controlled by the case of *Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974), which involved enforcement of a zoning ordinance which restricted the number of unmarried persons who might live together in a dwelling unit within the village. The Supreme Court in *Village of Belle Terre, Supra*, held that the limitation on unmarried individuals living together was acceptable, since its purpose, to preserve quiet, spacious neighborhoods, was constitutionally permissible. The Court also held that this type of legislation was simply social and economic and as such, was entitled to the broadest presumption of legitimacy.

The standard of reviewing social and economic legislation has been set forth many times by the Supreme Court. This generally applicable standard of review was set out in *McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961):

"The constitutional safeguard [of the Equal Protection Clause] is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

■ In this case, there is clearly a permissible state objective being furthered. The ordinance seeks to protect the residential neighborhood by limiting commercial uses of the home. This has been recognized as a proper restriction upon the use of residential property, and although the ordinance could have been drafted in a better fashion, since it does bear some rational relationship to the neighborhood protection purpose, i.e., it limits the number of possible employees and serves to curtail possible parking problems caused by an influx of non-resident employees into a residential area, it must be upheld.

The Plaintiffs also claim that beyond the substantive due process issue, this ordinance should also be struck down because it is impermissably vague ·in setting out standards for its enforcement.

■ In reviewing a vagueness claim outside the area of First Amendment freedoms, it is settled that a statute or ordinance should be reviewed in light of the facts of the case at hand. *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975). The Second Circuit stated the appropriate test for vagueness in *diLeo v. Greenfield*, 541 F.2d 949 (2d Cir.1976):

"The test of a statute's vagueness ... is to be made with respect to the actual conduct of the actor who attacks the statute and not with respect to hypothetical situations at the periphery of the statute's scope."

541 F.2d at 953.

■ In this case, it is apparent that the Plaintiffs were aware that their conduct violated the ordinance, as there was no vagueness whatsoever in the portion of the

ordinance dealing with who is or is not a permissible employee. As this case involves an undisputed violation of a specific portion of the ordinance [2], the Court need not determine whether other provisions of the ordinance are impermissibly vague.

### CONCLUSION

This case involves a challenge to the constitutionality of an ordinance limiting the commercial use of residentially zoned property. The violation is undisputed. Based on the findings of fact and the conclusions of law applicable to said facts, the Court finds that the zoning ordinance in issue is a reasonable exercise of the police power in furtherance of a legitimate state purpose. *Euclid, Supra; Village of Belle Terre, Supra.* Accordingly, after due consideration, it is

ORDERED AND ADJUDGED the Motion for Summary Judgment filed by Plaintiffs be and the same is hereby DENIED, and the Motion for Summary Judgment filed by the Defendant be and the same is hereby GRANTED.

---

**2.** Article V, Section 1(6) and part 1 and Section 8 of the CITY OF MIAMI Comprehensive Zoning

Ordinance number 6871.